IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EUGENE MCARTHUR MULLINS, JR. *also known as Eugene McAuthur Mullins, Jr.*,[1] | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 7:21-cv-00008 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| STEPHEN CLEAR, *et al.*, | ) ) ) | By: Hon. Thomas T. Cullen United States District Judge |
| Defendants. | ) | |

Plaintiff Eugene McArthur Mullins, Jr., a.k.a. Eugene McAuthur Mullins, Jr. ("Plaintiff" or "Mullins"), a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging that defendants violated his right to receive adequate psychiatric care at the Southwest Virginia Regional Jail Authority's ("SWRJA") facility in Duffield, Virginia. His complaint named six defendants. According to Plaintiff's Complaint, three of them—Dr. Ricker, Lora Smith, and Kelly Hamilton (collectively "Medical Defendants")—are medical personnel. Dr. Ricker has not yet been served; Smith and Hamilton have been served, but neither has answered or otherwise responded to the complaint. The other three defendants are Stephen Clear (the Administrator of SWVRJA), Cpt. Hayes, and Lt. Houndshell (collectively "Correctional Defendants").

The case is before the court on the Correctional Defendants' motion to dismiss. For

---

[1] The complaint spells Mullins's middle name McAuthur, and the clerk docketed the case accordingly. Mullins's custody record, which corresponds with the inmate number he has provided and his state court criminal records, spells his middle name McArthur. The clerk will be directed to update the docket sheet to reflect Mullins's name as set forth in the case style above.

the reasons set forth below, the court will grant that motion and the claims against those defendants will be dismissed with prejudice. Further, pursuant to 28 U.S.C. § 1915A(a) and § 1915(e)(2)(B), the court reviews the claims against Medical Defendants *sua sponte*. After review, the court concludes that those claims fail to state a claim for which relief may be granted and must be dismissed. Because it is possible that Mullins may be able to state a claim against by pleading additional facts, however, the court will dismiss the claims against Medical Defendants without prejudice and will give Mullins an opportunity to file an amended complaint against them within 30 days.

## I. FACTUAL BACKGROUND

In his complaint, Mullins alleges that Medical Defendants "neglected" his psychiatric care and acted with deliberate indifference toward him in violation of his constitutional rights, which the court interprets as asserting a claim under the Eighth Amendment.[2] The factual allegations in the complaint are very general and contain few details. As to the Medical Defendants, Mullins claims that "the medical staff" "neglected [his] care and disrespect[ed] him." He offers a single paragraph of facts in support of this claim:

> I have had my care be very neglected by this medical facility including the psychiatrist. They treated me very unprofessional[ly] in my mental health needs and it has caused me a lot of mental anguish[,] pain and suffering and neglecting my rights and my care. Just because I was on a certain med for my [psych] needs the dr [is] slandering me and discriminating

---

[2] The parties do not address whether Mullins was a pretrial detainee or convicted prisoner at the relevant time, but it appears he was a convicted prisoner. The dates on the grievances Mullins attached to his opposition range from December 2020 to February 2021, (Pl's Opp'n to Mot. Dismiss, ECF No. 24-1, at 1–7), and criminal records from Virginia's state courts indicate that Mullins pleaded guilty to several felony charges and was sentenced on June 23, 2020. *See generally Commonwealth v. Mullins*, Case Nos. CR200022543-00, CR200022542-00 (Russell County Circuit Court).

> against me and harass[ing] me and this has cause[d] me a lot of emotional distress and cruel and unusual punishment[.] [T]he [psychiatrist] and the medical nurses and also . . . Mrs. Lora Smith the [coordinator] were very unreasonable[.] [A]nd I feel just because I'm a[n] inmate I feel this was a malpractice just because they feel he or she can get away with it. . . . [W]hen I thought I could get help by going to the head nurse Mrs. Kelly Hamilton she done the same as the others did[;] she just neglected my care.

(Compl. 3 [ECF No. 1].)[3]

As to the Correctional Defendants, Mullins claims that he and his family notified them about the alleged mistreatment by the medical staff, including the neglect, the mental anguish, the "discrimination," and the "slander." (*Id.*) He states that the Correctional Defendants "also seem to neglect [his] care," and that they act "like they do not care about [his] well-being either." (*Id.*) He offers no specific facts to support these assertions against the Correctional Defendants.

For relief, he asks to be "released" and compensated for the cruel and unusual punishment, although he does not request a specific dollar amount in damages.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

The familiar standard of Federal Rule of Civil Procedure 12(b)(6) applies to the Correctional Defendants' motion to dismiss. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

---

[3] In addition to the alterations noted in the quoted material, the court also has corrected obvious misspellings and some grammatical errors.

In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th

Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

### B. Review under 28 U.S.C. § 1915A(a) and § 1915(e)(2)(B)

As noted, the claims against the Medical Defendants are being reviewed *sua sponte*. Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring the court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But liberal construction does not mean that the court can ignore a clear failure of a pleading to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

"Section 1983 authorizes a plaintiff to sue for an alleged deprivation of a federal constitutional right by an official acting under color of state law." *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up). To hold an official liable under § 1983, the plaintiff must affirmatively show that the official "acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation marks and citation omitted). "That is, the official's 'own individual actions' must have violated the Constitution." *Williamson*, 912 F.3d 154, 171 (4th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 676).

"Under the Eighth Amendment, [convicted] prisoners have the right to receive adequate medical care while incarcerated." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). An Eighth Amendment violation occurs when a defendant "demonstrates 'deliberate indifference' to an inmate's serious medical needs." *Id.* (citations omitted).

A claim of deliberate indifference has two components. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "The plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry." *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209 (4th Cir. 2017). "An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" *Jackson*, 775 F.3d at 178 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). This is an "exacting standard," which requires more than "mere negligence or even civil recklessness." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). To establish a constitutional violation, "it is not enough that an official *should* have known of a risk" to an inmate's health. *Id.* Rather, the official "must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* "The subjective component therefore sets a particularly high bar to recovery." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

### A. Medical Defendants

Applying these principles, the court turns first to the allegations against the Medical Defendants. In reviewing the complaint, the court concludes that Mullins has failed to plead sufficient facts to state a violation of his constitutional rights. Other than stating that he

receives psychiatric care and takes one unidentified medicine for it, he does not identify what mental conditions he has been diagnosed with or believes that he suffers from; what symptoms they cause; what information he conveyed to the medical personnel about any symptoms; when or how they treated him; or what they did (or failed to do) that he believes violated his constitutional rights. Although a complaint "does not need detailed allegations," a plaintiff's pleading obligation "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. But labels and conclusions are all that Mullins offers. He has therefore failed to state a claim against any of the defendants for this reason alone.

In his opposition to the motion to dismiss, Mullins provides a bit of additional factual detail concerning his claims, although he mainly makes more general allegations. Specifically, based on his statements in his opposition and the grievances attached thereto, he appears to be complaining that he was not transferred to a different facility (either a Virginia Department of Corrections facility or the Haysi jail, also operated by SWVJRA), and instead was required to go back to see Duffield's physician to get his medications continued, despite the past alleged mistreatment. (ECF No. 24-1, at 3, 4, 6, 7.) Mullins complains in other grievances that he did not like the way that the physician talked to him and that the physician treated him like "trash." (*Id.* at 1, 5.) He also accuses the physician of wanting an excuse to discontinue an unidentified medication that Mullins had been taking since 1990 because the doctor "has something against it." (*Id.* at 1, 5.) According to another grievance, the physician discontinued the medication without weaning Mullins off of it. (*Id.* at 5.)

But this additional information does not save his claims from dismissal for several reasons. Most importantly, a party may not amend his pleadings through briefing on a motion

to dismiss. *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cit. 2013). Thus, the court cannot consider those additional allegations when considering the sufficiency of Mullins's complaint. *See id.*

But even if that additional information were treated as a supplement to the complaint, and even if the court could assume that the physician referenced is the only defendant identified as a physician (Dr. Ricker), the complaint still does not include sufficient factual detail to state a plausible claim. Mullins does not name the medicine or what condition it was treating. He also does not allege that he experienced any specific physical or mental injuries as a result of the discontinuation of the unspecified medicine. In the absence of any additional information about this particular medicine, Mullins's claim appears to be a mere disagreement with Dr. Ricker's medical decision, which does not state an Eighth Amendment claim. *Wright*, 766 F.2d at 849.

Likewise, to the extent that Mullins is claiming "malpractice," a term he uses in his complaint, negligent medical treatment alone does not state a constitutional violation. *See Estelle*, 429 U.S. at 106. Instead, the prison official's conduct must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. That is a standard that Mullins's allegations do not satisfy.

Lastly, with regard to "mistreatment" based on the way any of the Medical Defendants spoke to him, those allegations fail to state a constitutional violation. Allegations of rudeness, or even "threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005).

For all of these reasons, Mullins's claims against the Medical Defendants will be dismissed without prejudice for failure to state a claim for which relief can be granted. In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible claim, the court will grant him leave to amend his claims against the Medical Defendants.

**B. Correctional Defendants**

For similar reasons, the claims against Correctional Defendants also must be dismissed. As a threshold matter, the same vagueness problems that plagued his claims against the Medical Defendants are likewise fatal to his ability to state a claim against these defendants. Moreover, the sole allegations against the Correctional Defendants are that Mullins and his family "notified" them of the alleged mistreatment, but nothing was done in response. Mullins does not appear to be making a supervisory liability claim, but instead seeks to hold the defendants liable for their alleged failure to respond to his complaints.[4]

The fact that these non-medical defendants were made aware of his general complaints, without more, does not give rise to a constitutional violation. *See, e.g.*, *Johnson v. Clarke*, No. 7:20-cv-00717, 2021 WL 1536585, at *2 (W.D. Va. Apr. 19, 2021) ("To bring a denial of medical treatment claim against a non-medical prison official, an inmate must show that the official was personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or was indifferent to the prison doctor's

---

[4] Even if Mullins were attempting to assert a supervisory liability claim, he has not alleged facts sufficient to meet the rigorous standard for such a claim. *See Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (discussing the elements necessary to establish supervisory liability under § 1983); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (same).

- 9 -

misconduct.") (citing *Miltier*, 896 F.2d 848). Mullins has not pleaded facts sufficient to show that any of the correctional defendants personally denied or delayed treatment for any serious medical need of Mullins; that they interfered with or in any way limited Mullins's ability to seek medical attention; or that they otherwise knew of or disregarded an excessive risk to Mullins's health or safety. *See Jackson*, 775 F.3d at 178.

In addition, the grievances Mullins submitted with his opposition—if they were properly before the court and considered as part of the complaint—did not inform any person who received them that Mullins was suffering from a serious medical need, or that any medical provider was engaged in unconstitutional conduct. Mullins was simply complaining about the way the physician talked to him and the fact that one of his medications was discontinued. The allegations set forth in the grievances would not have alerted defendants to the fact that he was suffering from a serious medical need, or that the medical staff failed to address such a need.

Additionally, as non-medical officials, the correctional defendants were entitled to rely on the expertise and professional judgment of trained medical personnel, and they "cannot be liable for the medical staff's diagnostic decisions" or "substitute [their] judgment for a medical professional's prescription." *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002). Thus, to the extent there was any concrete information conveyed to these defendants about Mullins's medical concerns or complaints (which is not alleged in the complaint or in the attached grievances), they were "allowed to rely on the medical professionals as to what treatment was required." *Johnson*, 2021 WL 1536585, at *2; *see also Pearson v. Prison Health Serv.*, 850 F.3d 526, 543 (3d Cir. 2017) (noting that non-medical officials "cannot be considered deliberately

indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor") (internal quotation marks and citation omitted). Here, many of Mullins's grievances indicate that he was being treated by the medical department or had complained directly to them; anyone reviewing those grievances would reasonably understand that he was receiving treatment from the medical department, although it was not the treatment he desired.[5]

In short, the allegations in the complaint are insufficient to plausibly allege a claim against any of the defendants, but especially the Correctional Defendants. Mullins simply has not alleged that they knew about a substantial risk of serious harm to him to hold them individually liable for an Eighth Amendment violation.

For all of these reasons, the Correctional Defendants' motion to dismiss must be granted.

## IV. CONCLUSION

For the reasons stated, the court will grant the Correctional Defendants' motion to dismiss, and will dismiss those claims with prejudice. Claims against the Medical Defendants will be dismissed without prejudice and the court will give Mullins an opportunity to amend.

---

[5] Indeed, at least one of the grievances reflects that correctional officers told Mullins that they did not handle medical grievances and that he needed to submit any such grievances as "medical grievances" to be answered by the medical department.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 15th day of November, 2021.

> */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE